IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KETRA GOINS, | |
| Plaintiff, | CIVIL ACTION<br>FILE NO. 1:23-cv-02951-SDG |
| v. | |
| MARK SEAGRAVES AND OLD DOMINION FREIGHT LINE, INC., | |
| Defendants. | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR CONTEMPT, SANCTIONS, FORENSIC INSPECTION, AND RECISSION OF CONFIDENTIALITY ORDER**

COME NOW, Defendants in this action and, pursuant to Fed. R. Civ. P. 37 (b)(2)(A)(vii), file their Reply Brief in Support of Defendants' Motion for Contempt, Sanctions, Forensic Inspection, and Recission of the Confidentiality Order (Doc. 46) as to Georgia Spine and Orthopedics ("GSO"), respectfully showing as follows:

A close review of GSO's response shows that it cannot dispute Defendants' contention that GSO's 30(b)(6) representative testified that GSO does not track attorney referrals, and GSO's counsel initially made the same representations to this Court. Moreover, GSO makes no effort to dispute the truth of Helen Yesuf's

statements that reveal the falsity of the 30(b)(6) representative testimony and GSO's counsel representations. In fact, GSO made no effort to dispute the fact that Yesuf's statements show that GSO's employees have access to attorney referral data that surpasses what GSO produced. Instead, GSO oddly attempts to argue that even though it has now produced a spreadsheet that correlates a patient with his or her counsel, that GSO is not tracking attorney referrals. However, the document produced seems very consistent with what Yesuf said she reviewed to see that the undersigned firm is in GSO's system, and there is no dispute that the undersigned firm is not listed in the document GSO produced. GSO has made no effort to address this obvious inconsistency, and GSO is simply unable to dispute the material facts that serve as the basis of Defendants' Motion for Contempt, Sanctions and Forensic Review. GSO has not demonstrated that it has "made in good faith all reasonable efforts to comply" and, thus, Defendants' Motion should be granted. *United States v. Ryan*, 402 U.S. 530 (1971).

Additionally, GSO does not dispute the facts showing that its practice is almost entirely focused on treating patients with some form of injury claim pending, and that GSO has developed that practice through significant marketing efforts. While GSO has intentionally sought out a practice that focuses on patients involved in some form of legal claim, its Response is emblematic of its entire

approach to the civil justice system. GSO's Response is replete with typographical errors, incomplete legal citations, incomplete exhibit citations, edit tracking and other errors that show it was not drafted with seriousness. GSO's willingness to file such a pleading epitomizes its flippant attitude toward the federal and state courts of this state, and the civil justice system in general.

It is undisputed that GSO was ordered to produce "any other documents, reports or evidence demonstrating the identities of referral sources for its patients first receiving treatment beginning January 1, 2021, through and including December 31, 2023 . . ." Doc. 67. GSO only produced the referral data starting on February 28, 2023. Defendants sought to confer with GSO regarding referral data from January 1, 2021 to February 27, 2023, the period ordered by this Court, and GSO refused to produce any additional evidence or even respond to conferral correspondence. Moreover, GSO obstructed the discovery efforts for months before producing the partial evidence, as GSO repeatedly testified and represented to this Court that it did not maintain the evidence sought. Through its Response, GSO has doubled down on its long-standing approach to deny, deny, deny despite clear evidence to the contrary. Therefore, Defendants respectfully request that this Court find GSO in contempt and order a forensic inspection of its entire computer system. Moreover, Defendants respectfully request that this Court modify the

Confidentiality Order given GSO's efforts rely upon that Order to mislead other courts regarding documents it has.

Respectfully submitted this 2nd day of December 2024.

MCMICKLE, KUREY & BRANCH, LLP

*/s/ Kevin P. Branch*
KEVIN P. BRANCH
Georgia Bar No. 111839
PASCHAL GLAVINOS
Georgia Bar No. 817127
**Attorneys for Defendants**

217 Roswell Road, Suite 200
Alpharetta, Georgia 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
kpb@mkblawfirm.com
pglavinos@mkblawfirm.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This document has been prepared in Times New Roman font, 14-point.

This 2nd day of December, 2024.

                                         */s/ Kevin P. Branch*
                                         KEVIN P. BRANCH
                                         For the Firm

## CERTIFICATE OF SERVICE

This is to certify that on this date I have served the foregoing **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR CONTEMPT, SANCTIONS, FORENSIC INSPECTION, AND RECISSION OF CONFIDENTIALITY ORDER** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Danielle Bess Obiorah, Esq.
South Atlanta Injury Lawyers
157 S. McDonough Street
Jonesboro, GA 30236
dbo@southatlantainjurylawyers.com
***Attorneys for Plaintiff***

This 2nd day of December, 2024.

*/s/ Kevin P. Branch*
KEVIN P. BRANCH
For the Firm